NOT FOR PUBLICATION                                                                  (Doc. No. 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
          Plaintiff,                      :
                                          :  Civil No. 13-5296 (RBK/JS)
   v.                                     :
                                          :  **OPINION**
THOMAS C. DININIO,                        :
                                          :
          Defendant.                      :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion of Defendant Thomas C. Dininio to Dismiss the Complaint of Plaintiff United States of America, which seeks to reduce to judgment allegedly unpaid federal tax assessments made against Defendant, pursuant to Rule 12(b)(6). (Doc. No. 3.) For the reasons stated herein, Defendant's Motion to Dismiss will be denied.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff's Complaint states it filed this civil action on September 4, 2013, with the "authorization of the Chief Counsel of the Internal Revenue Service" (the "IRS") and "at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401." (Compl. ¶ 2.) Specifically, the Complaint, containing two Counts, seeks to reduce to judgment unpaid federal tax and civil penalty assessments made against Defendant. (Id. ¶ 1.) Count I alleges that Defendant owes a total of $308,046 in taxes, penalties, and interest. (Id. ¶ 8.) Count II claims

---

[1] On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." Accordingly, the following facts are taken from Plaintiff's Complaint. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

1

Defendant owes a total of $1,701 in civil penalties plus interest.  (Id. ¶ 12.)

Plaintiff alleges in Count I that the Commissioner of IRS "assessed taxes, penalties, and interest against [Defendant]" relating to the tax periods of 1998, 2000, 2003, 2007, 2008, 2009, and 2010.  (Id. ¶ 8.)  The Complaint specifies the tax amount purportedly owed by Defendant for each of these periods, as well as the specific type and date of each assessment.  (Id.)  The Complaint also provides an updated total due as of August 26, 2013 for each of these periods to adjust for the "[s]tatutory additions, interests, and costs" that Plaintiff claims have accrued, and will continue to accrue, on each liability since the dates of their assessments.  (Id. ¶ 10.)  According to the Complaint, "[n]otices and demands for payment of the aforementioned assessments were made on [Defendant] in accordance with 26 U.S.C. § 6303."  (Id. ¶ 9.)  The total breakdown of Count I is as follows:

| Assessment Type | Tax Period | Assessment Date | Tax Assessment Amount | Amount Due (as of August 26, 2013 |
|---|---|---|---|---|
| Income Tax | 1998 | August 19, 2002 | $32,092 | $83,946 |
| Income Tax | 2000 | July 28, 2003 | $1,346 | $3,666 |
| Income Tax | 2003 | May 16, 2005 | $568 | $1,341 |
| Income Tax | 2007 | March 5, 2012 | $17,719 | $32,171 |
| Income Tax | 2008 | March 5, 2012 | $50,362 | $86,651 |
| Income Tax | 2009 | March 5, 2012 | $29,325 | $48,143 |
| Income Tax | 2010 | December 17, 2012 | $34,257 | $52,128 |
| **TOTAL DUE** | | | | **$308,046** |

In Count II of the Complaint, Plaintiff states that the Commissioner of the IRS assessed "civil penalties and interest against [Defendant]," pursuant to 26 U.S.C. § 6702, because Defendant "filed frivolous income tax returns for the years 2001 and 2003[.]"  (Id. ¶ 12.)  Like Count I, Count II of the Complaint also specifies the civil penalties purportedly owed by Defendant in 2001 and 2003, as well as the specific type and date of each assessment.  (Id.)  The

2

civil penalties amounted to $500 in both 2001 and 2003.  (Id.)  Count II also provides an updated total due as of August 26, 2013 for the 2001 and 2003 periods to adjust for the interest Plaintiff asserts has "accrued on the civil penalties since the dates of the assessments and will continue to accrue."  (Id. ¶¶ 12, 14.)  This equals $867 for 2001 and $834 for 2003, totaling $1,701.  (Id. ¶ 12.)  According to the Complaint, "[n]otices and demands for payment of the aforementioned assessments were made on [Defendant] in accordance with 26 U.S.C. § 6303."  (Id. ¶ 13.)

Defendant, proceeding pro se, responded to Plaintiff's Complaint by filing a Motion to Dismiss.[2]  (Doc. No. 3.)  Defendant argues that Plaintiff has failed to state a cause of action upon which relief can be granted, as the Complaint "provides no information to [Defendant] upon which he can proceed" and amounts to nothing more than a "bill" demanding payment.  (Def.'s Br. at 1.)  Defendant also appears to argue that Plaintiff did not have authority to tax him at all, stating that the IRS "unlawful[ly] assessed [tax] amounts for the years [] 2000 and 2003[,]" and that the Complaint is a "fraud" amounting to "extortion[.]"  (Id. at 4.)  Finally, Defendant claims that he did not owe any taxes for the years 2007 through 2010 because he was assessed taxes for those years based on apparently "non-existent" bank accounts.  (Id.; see also Ex. A-A2 to Def.'s Br.)[3]

---

[2] Defendant did not actually file a formal Motion in this case, but only a brief in support of a "Motion to Dismiss/Demurrer."  (See Def.'s Br. (Doc. No. 3).)  However, "demurrers have been abolished by . . . the New Rules of Civil Procedure[,]" and a motion styled as a demurrer may be treated as "a motion to dismiss under the [ ] Rules."  United States v. Smith, 31 F. Supp. 359, 359 (E.D. Pa. 1939); see also Fed. R. Civ. P. 7(a).  As such, and given that plaintiff is pro se, the Court construes Defendant's brief, though unaccompanied by a formal motion, to signify the filing of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  And, in light of the abolition of demurrers, this Motion is construed solely a Motion to Dismiss.

[3] By claiming demurrer, Defendant attempts to "provid[e] this Honorable Court with information which was not supplied by the Federal Attorney . . ." including the contention that the he was taxed for an apparently "lawful" rollover of an IRA account in 1998.  (Def.'s Br. at 2)  Generally, on a Rule 12(b)(6) Motion, the Court limits its review to the pleadings, Hart v. Elec. Arts, Inc., 740 F. Supp. 2d 658, 662 (D.N.J. 2010), and a demurrer is no longer an accepted method of pleading.  See Fed. R. Civ. P. 7(a).  Therefore, the facts that Defendant attempts to include by demurrer fall outside the pleadings, and the Court will not consider them for purposes of addressing the present Motion to Dismiss.

**II.     LEGAL STANDARD**

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233).  In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis.  Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Santiago, 629 F.3d at 131 (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  Id.

4

**III.    DISCUSSION**

Plaintiff brings this action pursuant to 26 U.S.C § 7401.  Though Defendant does not challenge Plaintiff's compliance with this statute, "[t]he authorization required by § 7401 is jurisdictional.  If the claimant fails to show compliance with the statute . . . by the pleadings . . . then the court must dismiss the case."  PAF, Inc. v. BA Properties, Inc., 24 F. Supp. 2d 545, 547 (E.D. Va. 1998); see also United States v. One 1972 Cadillac, 355 F. Supp. 513, 515 (E.D. Ky. 1973).  Section 7401 of the provides that "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary [of the Treasury] authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

Plaintiff's Complaint alleges that it commenced this civil action "with the authorization of the Chief Counsel of the Internal Revenue Service," and at the "direction of the Attorney General of the United States[.]"  (Compl. ¶ 2.)  Accordingly, Plaintiff's Complaint has plead the threshold jurisdiction requirement needed to state a cause of action in this case.

With regard to the remainder of Plaintiff's Complaint, the Court finds that it has stated a plausible claim for relief.  Defendant chiefly argues that Plaintiff's Complaint amounts to nothing more than a "bill" that fails to provide adequate information upon which Defendant can proceed.  However, the Complaint provides Defendant with all the information material to the collection of delinquent taxes; it provides Defendant with the type of tax assessed against him, the tax periods from which the assessments came, the specific date of each assessment, the amount of each tax assessment, and the amount due as of August 26, 2013, adjusted for interest.  (Compl. ¶¶ 8, 12.)

Read in a light most favorable to Plaintiff, and accepting the allegations in the Complaint as true, the above-mentioned facts state a plausible claim for relief. Ashcroft, 556 U.S. at; Bell Atlantic Corp., 550 U.S. at 570. This is particularly true given that courts have held similar complaints, containing similar factual material, survive motions to dismiss. See e.g. United States v. Wesselman, Civ. No. 05-4152, 2007 WL 627469, at *3 (S.D. Ill. Feb. 26, 2006); United States v. LaBombard, 107 F. Supp. 2d 57, 59 (D. Mass.) aff'd, 248 F.3d 1128 (1st Cir. 2000). As such, Plaintiff has properly pled this "routine action" to collect delinquent taxes from Defendant. United States v. Tyler, Civ. No. 10-01239, 2010 WL 3769094, at *3 (E.D. Pa. Sept. 27, 2010).

Instead of addressing the allegations, Defendant contends that Plaintiff "unlawful[ly]" taxed him for the years of 2000 and 2003 and is seeking to "extort[]" him altogether. (Def.'s Br. at 4.) Such a frivolous argument has no basis in law, given that 26 U.S.C. § 6501 grants the IRS explicit authority to assess and collect taxes from individuals such as Defendant.

Further, Defendant advances elaborate arguments concerning why he believes he does not owe taxes for the periods at issue, and how some of the taxes assessed were apparently based on bank accounts that do not exist. In support of these contentions, Defendant attaches copies of what appear to be tax returns. However, as noted supra at note 3, the Court generally limits its review to the pleadings in assessing a Motion to Dismiss, Hart v. Elec. Arts, Inc., 740 F. Supp. 2d 658, 662 (D.N.J. 2010), and the attachments to Defendant's brief are not part of the pleadings. Consequently, the Court will not consider them for purposes of addressing Defendant's Motion to Dismiss.[4]

Instead, the Court must accept Plaintiff's well-pleaded allegations that Defendant owes these sums as true, and it is "well established" that the government's tax assessments are

---

[4] Instead, these attachments relate to evidence bearing on whether Plaintiff can "prove its claim with competent evidence[,]" which is a "question for later stages of this case." Weselman, 2007 WL 627469, at *3.

"entitled to a legal presumption of correctness[.]" United States v. Fior D'Italia, Inc., 536 U.S. 238, 242, (2002); United States v. Janis, 428 U.S. 433, 440 (1976).  Here, the pleadings clearly state claims for unpaid federal tax assessments and civil penalties.  Accordingly, the Court finds Defendant fails to offer any reason why dismissal is appropriate.

**V.     CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (Doc. No. 3) will be **DENIED**.  An accompanying Order shall issue.


Dated:   7/20/2015                                                               s/ Robert B. Kugler
                                                                                          ROBERT B. KUGLER
                                                                                          United States District Judge

7